

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-10-2005

# USA v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3375

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Johnson" (2005). *2005 Decisions.* Paper 1458.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1458

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-3375

———

UNITED STATES OF AMERICA

v.

KENNETH JOHNSON,

Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 97-cr-00241-1)
District Judge: Honorable Clarence C. Newcomer

———

Argued March 8, 2005

Before: SCIRICA, ROTH, and VAN ANTWERPEN, Circuit Judges.

(Filed   March 10, 2005)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, Circuit Judge.

Kenneth Johnson challenges a July 31, 2003 order of the District Court denying a writ of

federal habeas corpus filed pursuant to 28 U.S.C. § 2255.  The District Court had subject matter

jurisdiction pursuant to 18 U.S.C. § 3231.  This Court has jurisdiction pursuant to 28 U.S.C. § 1291

and, pursuant to a certificate of appealability issued by this Court, 28 U.S.C. §§ 2253 and 2255. For the reasons that follow, we will affirm.[1]

I.

After this Court upheld Johnson's conviction and sentence on direct appeal, 199 F.3d 123 (3d Cir. 1998), he filed a writ of habeas corpus pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel claims. Relevant here is his claim that his attorney failed to convey a plea offer made by the government.

The district court held an evidentiary hearing, found Johnson's claims to be without merit, and denied the writ. Because Johnson was not represented by counsel at that hearing, he sought, and we granted, a certificate of appealability on the ground that the District Court erred by failing to appoint counsel for that hearing. On remand, the District Court appointed counsel for Johnson and conducted a new hearing on July 30, 2003. At that hearing, Johnson's former attorney testified that he could not recall any offers from the government; that he did not encourage his client to take a plea offer because none existed; that he discussed the possibility of a plea in general with Johnson; but that Johnson had not indicated a desire to cooperate. Nor, testified the attorney, had Johnson offered information that could be used for cooperation. The attorney also testified that it was Johnson's own decision to go to trial. The District Court expressly found the attorney to be credible in his testimony.

Johnson, in turn, testified that his trial attorney had not conveyed any government offer and that his attorney had provided no advice on how to obtain an offer. Johnson also testified that his

---

1. Petitioner's underlying conviction was for robbery and related weapons charges. This Court has previously reviewed and affirmed that conviction. *United States v. Johnson,* 199 F.3d 123 (3d Cir. 1998).

attorney had told him there was no benefit to pleading guilty versus going to trial and that his attorney left him unaware of even the concept of cooperation in lieu of trial.

On the question of whether the government had in fact made an offer that Johnson's trial attorney had a duty to convey, Johnson's only evidence consisted of a statement made in open court by the prosecutor at Johnson's 1998 sentencing hearing. When asked by the sentencing court whether Johnson had been given the opportunity to cooperate, the prosecutor had answered in the affirmative, adding that "[i]t has been suggested to counsel that it would be in [Johnson's] favor." Johnson contends this statement constitutes proof that the government made a plea offer to his trial attorney. The record shows that there was no other evidence offered on this exchange. The prosecutor who made the statement in 1998 was not called to testify at the 2003 hearing. Thus, on the basis of this statement alone, Petitioner contends the District Court erred in finding that a plea offer did not exist.

## II.

We review for clear error a district court's factual findings following an evidentiary hearing on a § 2255 motion. *United States v. Costanzo*, 740 F.2d 251, 254 (3d Cir. 1984). At first blush, the prosecutor's words do suggest the government made some kind of offer. Ultimately, however, the statement is insufficient to establish clear error, which exists "only if [a finding] is completely devoid of credible evidentiary basis or bears no rational relationship to the supporting data." *Shire U.S., Inc. v. Barr Labs., Inc.,* 329 F.3d 348, 352 (3d Cir. 2003); *see also* Fed. R. Civ. P. 52(a) (stating that "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses" where findings are drawn from live testimony).

The District Court heard testimony from both Johnson and his former trial attorney. The

3

District Court found that the attorney had been a participating member of CJA panels for some 15 years and that the attorney's representation of Johnson in this case had been objectively reasonable. The District Court also found, based on Johnson's testimony, that Johnson had withheld from his attorney the only potentially useful information he possessed for purposes of initiating plea discussions with the government: the name of another individual who had committed a separate robbery. After hearing the testimony from both Johnson and his former attorney, the District Court found the attorney credible. The District Court also observed that, because Johnson did not call as a witness the prosecutor who made the crucial 1988 sentencing statement, there was no evidence in the record to explain that statement or connect it to an actual offer. Given the record evidence, the District Court did not clearly err in finding that there was never an offer to convey. *See Shire U.S., Inc.*, 329 F.3 at 352; Fed. R. Civ. P. 52(a).

As such, Johnson's ineffective assistance of counsel claim, which must be evaluated under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 688 (1984), necessarily fails. Relevant to *Strickland*, which applies not only to trials but also to pleas, see *Hill v. Lockhart*, 474 U.S. 52 (1985), the District Court determined that the performance of the attorney had met an objectively reasonable standard and had not caused Johnson prejudice. For substantially the same reasons set forth above, these findings were not clearly erroneous either.

III.

We have considered the remaining arguments advanced by the parties and conclude that no further discussion is necessary. Accordingly, the judgment of the district court will be affirmed.